UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKELA MINACIS,<br><br>    Plaintiff,<br><br> v.<br><br>JASON PARK,<br><br>    Defendant. | Case No. 24-cv-00042-JST<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Re: ECF No. 15 |

  Before the Court is Magistrate Judge Sallie Kim's report and recommendation to dismiss this case. ECF No. 15. Representing herself and seeking leave to proceed in forma pauperis, Plaintiff Mikela Minacis filed this case on January 3, 2024.

  Judge Kim granted Minacis's motion to proceed in forma pauperis but dismissed the case with leave to amend. ECF No. 4. Judge Kim's order explained to Minacis that she did not adequately allege a basis for a federal court to exercise jurisdiction over this case, and that she also failed to sufficiently plead the existence of a contract. Judge Kim set a February 5 deadline for Minacis to file an amended complaint and warned that, if she failed to do, the case would be "reassign[ed] . . . to a district court judge with a recommendation that the action be dismissed." *Id.* at 3. Minacis did not file an amended complaint.

  Rather than immediately reassigning the case and recommending that it be dismissed, Judge Kim issued an order to show cause on April 1, 2024, directing Minacis to respond in writing, by April 22, to explain why the case should not be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 12. Minacis failed to file a response, and Judge Kim issued a report and recommendation to dismiss this case on April 29, 2024. ECF No. 15. The 14-day period to file objections to the report and recommendations has

elapsed, and no objections have been filed.  *See* Fed. R. Civ. P. 72(b)(2).

Mail sent to Minacis has been returned as undeliverable multiple times: on January 18, January 29, March 28, and April 25.  Under Civil Local Rule 3-11(a), any attorney or party proceeding pro se (i.e., representing themselves without a lawyer) "whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address."  The Court may dismiss a complaint without prejudice when mail has been returned as undeliverable and the Court has not received "a written communication from the attorney or pro se party indicating a current address" within 60 days of receiving returned mail.  Civil L.R. 3-11(b)(1)–(2).  More than 60 days have passed since mail sent to Minacis was first returned as undeliverable, and the docket reveals no communication from Minacis since she filed her complaint and motion for leave to proceed in forma pauperis on January 3, 2024.

The Court finds Judge Kim's report to be correct, well-reasoned, and thorough, and adopts it in every respect.  This case is dismissed, both for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and for failure to keep the Court informed of a current address under Civil Local Rule 3-11(b).  Dismissal is without prejudice.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  May 15, 2024

_____
JON S. TIGAR
United States District Judge