UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKELA MINACIS,<br><br>    Plaintiff,<br><br>v.<br><br>JASON PARK,<br><br>    Defendant. | Case No. 24-cv-00042-JST<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT; ORDER RE-OPENING CASE; ORDER SETTING DEADLINE TO FILE AMENDED COMPLAINT**<br><br>Re: ECF No. 24 |

Now before the Court is Plaintiff Mikela Minacis's "motion to reinstate," ECF No. 24, which the Court construes as a motion to set aside the judgment of dismissal entered on May 15, 2024. The Court will grant the motion.

I.   **BACKGROUND**

Minacis filed his complaint on January 3, 2024, bringing one claim for breach of contract. ECF No. 1. On January 5, 2024, Magistrate Judge Sallie Kim screened the complaint and concluded both that a federal court does not have the power to resolve the dispute raised by the complaint and that, even if it did, Minacis did not adequately allege the existence of a contract. ECF No. 4 at 2–3. On the first issue, also known as jurisdiction, Judge Kim explained that the complaint alleges only a claim for breach of contract under California law, and federal courts do not have jurisdiction over complaints bringing only claims under state law. *Id.* at 2. She also explained that the complaint does not allege that more than $75,000 is at issue in this lawsuit or that Minacis and Defendant Jason Park are citizens of different states—both of which are required for what is called diversity jurisdiction. *Id.* at 2–3. For these reasons, Judge Kim dismissed Minacis's complaint and ordered him to file an amended complaint by February 5, 2024. *Id.* at 4.

Minacis did not file an amended complaint. Accordingly, on April 1, 2024, Judge Kim

1    issued an order for Minacis to show cause by April 22, 2024, "why the Court should not issue a

2    report and recommendation to a district judge recommending that this case should be dismissed

3    for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)."  ECF No. 12.  When

4    Minacis failed to respond to that order, Judge Kim issued such a report and recommendation.

5    ECF No. 15.  The Court adopted Judge Kim's recommendation on May 15, 2024, and dismissed

6    the case.  ECF No. 17.  The Clerk entered judgment the same day.  ECF No. 18.

7       On January 10, 2025, Minacis filed a "motion to reinstate," ECF No. 24, which the Court

8    construes as a motion for relief from judgment.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a "final judgment, order, or proceeding" for six reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered" before the deadline to move for a new trial; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  "As a rule, parties seeking relief from judgment must file a motion under: (1) Fed. R. Civ. P. 60(b)(1)–(3) within one year; or (2) Fed. R. Civ. P. 60(b)(4)–(6) within a 'reasonable time.'" *Fulton v. Paramo*, No. LA CV 16-3019 JLS (JCG), 2017 WL 522150, at *1 (C.D. Cal. Feb. 8, 2017) (quoting Fed. R. Civ. P. 60(c)).

"The determination as to whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Jacobsen v. California*, No. 1:14-cv-00108-JLT (PC), 2016 WL 7616705, at *7 (E.D. Cal. Dec. 29, 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  "A proper analysis includes the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within Plaintiff's reasonable control, and whether Plaintiff acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

## III.   DISCUSSION

Minacis states that he failed to respond to Judge Kim's prior orders because he was "in

1  transition residency." ECF No. 24 at 1. Other courts have found excusable neglect in similar
2  circumstances, *e.g.*, *Jacobsen*, 2016 WL 7616705, at *7, and the Court finds excusable neglect
3  here. Minacis also filed his motion less than one year after judgment was entered. Accordingly,
4  the Court grants Minacis's motion for relief from judgment. ECF No. 24. The May 15, 2024
5  order of dismissal and related judgment are vacated, ECF Nos. 17, 18, and the Clerk shall re-open
6  this case.

7  The Clerk shall serve a copy of Judge Kim's January 5, 2024 order, ECF No. 4, on Minacis
8  when it serves a copy of this order. Minacis shall file an amended complaint curing the
9  deficiencies identified in Judge Kim's order by February 28, 2025. This means that Minacis must
10 either allege a claim under federal law, or allege that he and Defendant Park are citizens of
11 different states and that his claims involve more than $75,000. In addition, Minacis must allege
12 "(1) the existence of a contract, (2) performance or excuse for nonperformance, (3) defendant's
13 breach, and (4) damages." *Bluestar Genomics v. Song*, 709 F. Supp. 3d 847, 854 (N.D. Cal. 2023)
14 (citation omitted). He must either include in the complaint the relevant contract terms or attach a
15 copy of the contract to the complaint. *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299,
16 307 (1999). And he must "identify the specific provision of the contract allegedly breached by the
17 defendant" and "allege how the defendant breached the relevant term(s) of the alleged contract."
18 *Joe Hand Promotions, Inc. v. Bragg*, No. 13-cv-02725-BAS (KSC), 2016 WL 773223, at *3 (S.D.
19 Cal. Feb. 29, 2016) (citations omitted).

20 If Minacis fails to file an amended complaint by February 28, 2025, the Court will dismiss
21 this case for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dismissal will be
22 with prejudice, which means that Minacis will not be able to bring this lawsuit again.

23 Minacis is also advised that he must promptly file a notice of change of address if his
24 address changes, and that the Court may dismiss a complaint if mail sent to him by the Court has
25 been returned as not deliverable and the Court has not received, within 60 days of the returned
26 mail, a written communication from Minacis that includes his current address. Civil L.R. 3-11.

27 Minacis may wish to consult the resources available on the Court's website,
28 https://cand.uscourts.gov/pro-se, for people who are representing themselves without a lawyer. He

3

may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation. Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: January 15, 2025



JON S. TIGAR
United States District Judge